UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CIVIL ACTION NO. 05-62-C**

**RONALD JUSTICE, ET AL.,**                                                                                          **PLAINTIFFS,**

**V.**              **MEMORANDUM OPINION AND ORDER**

**PHYSICIANS MUTUAL INSURANCE**
**COMPANY, ET AL.,**                                                                                                  **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

The court held a telephonic scheduling conference on July 15, 2005. Subsequently, the parties filed briefs regarding the issue of bifurcation of discovery on the merits and class certification issues. The court, having reviewed the record and being otherwise sufficiently advised, will not order bifurcation or impose artificial limits on discovery.

The plaintiffs argue that discovery on the merits and class certification should proceed simultaneously, while the defendants argue that discovery on the merits should be limited until the court has decided whether to certify the class. In their brief, the defendants offer suggestions for limiting discovery topics.

Although in many cases, bifurcating "class" from "merits" discovery is appropriate, there is no blanket requirement that discovery be structured in this manner. "Whether merits discovery should await determination of class certification depends on circumstances of each case. . . . A key question in class certification may be the similarity or dissimilarity between the claims of the

representative parties and those of class members – an inquiry that may require discovery on the merits and development of basic issues." *Bodner v. Paribas*, 202 F.R.D. 370, 373 (S.D.N.Y. 2000). When discovery related to class certification is closely intertwined with merits discovery and cannot be meaningfully developed without inquiry into basic issues of litigation, an order staying merits discovery is impractical. Due to the closely linked issues, to bifurcate the discovery when it is intertwined would be inefficient and would require ongoing supervision of the discovery. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990).

In this case, to the extent that the class and merits discovery overlap, it would be inefficient to bifurcate the process. The limits on discovery which the defendants suggest, while helpful, artificially limit discovery at a time when discovery disputes cannot be anticipated. The court will permit the plaintiffs to conduct discovery on the merits and on class certification issues simultaneously, while attempting to strike a balance between the parties' competing interests. Accordingly,

**IT IS ORDERED** that discovery shall proceed without limitation.

**IT IS FURTHER ORDERED**, however, that the plaintiffs shall focus on class certification discovery initially, to the extent possible, with an eye toward resolution of the certification issue at the earliest possible juncture.

**IT IS FURTHER ORDERED** that all discovery disputes are **REFERRED** to the Honorable Dave Whalin, United States Magistrate Judge for the Western District of Kentucky, pursuant to 28 U.S.C. § 636(b)(1)(A).

**IT IS FURTHER ORDERED** that the plaintiffs shall file their class certification motion no later than April 15, 2006. Response and reply times shall run according to the Local Rules.

**IT IS FURTHER ORDERED** that no later than 10 days after resolution of the certification issue the parties shall conduct a second meeting of the parties, and no later than 20 days after such resolution they shall file an Amended Report of Parties' Planning Meeting.

Signed on  October 13, 2005

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**